[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10892

Non-Argument Calendar

_____

DEWAYNE ALLEN ROBERTS,

Plaintiff-Appellant,

*versus*

COMMISSIONER, GEORGIA DEPARTMENT OF PUBLIC
SAFETY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-00614-MHC

_____

Before WILSON and LUCK, Circuit Judges.*

PER CURIAM:

Dewayne Roberts appeals the district court's dismissal of his complaint for failure to state a claim. We affirm.

In 2021, Roberts sued Mark McDonough, the Commissioner of Georgia's Department of Public Safety. Roberts alleged that McDonough violated the Motor Carrier Safety Assistance Program, 49 U.S.C. § 31102, by exercising "unreasonable official care and or unreasonable individual negligent conduct," causing Roberts "mental," "emotional," and "psychological" harm. According to Roberts, this caused "consequential harm" to Roberts's "driving record reputation in the trucking business" and limited his "commercial career employment."

The district court sua sponte dismissed Roberts's complaint under 28 U.S.C. section 1915(e)(2)(B)(ii) for failure to state a claim. The district court dismissed Roberts's complaint because it "fail[ed] to specify how [McDonough] violated any provisions of the [Motor Carrier Safety Assistance Program]." Any amendment, the district court concluded, would be "futile" since Roberts's allegations were "not prohibited by any provision" in the Motor Carrier Safety Assistance Program. Roberts appeals the dismissal.

---

* This opinion is being entered by a quorum pursuant to 28 U.S.C. § 46(d).

We review de novo the district court's sua sponte dismissal of Roberts's complaint for failure to state a claim. *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015). And we also review the district court's futility finding de novo. *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1093–94 (11th Cir. 2017).

Roberts argues that the district court erred by dismissing his complaint because he presented "demonstrative video evidence" that "goes to the . . . merits and elements" of his claims. He also contends that the Motor Carrier Safety Assistance Program mandates certain "procedures" "until vehicle repairs are corrected" or the "condition[]" of a "commercial driver" "suspected" of driving under the influence of alcohol or drugs "improve[s]." He further argues that he should receive an opportunity to amend his complaint to remedy any "deficiency."

We agree with the district court that Roberts's complaint failed to state a claim under the Motor Carrier Safety Assistance Program. The Program requires states to propose plans to improve highway safety for approval by the Department of Transportation. *See* 49 U.S.C. § 31102(b). Roberts's complaint didn't explain how McDonough violated the Motor Carrier Safety Assistance Program and he didn't allege any "viable legal theory" to sustain recovery under the statute. *See Fin. Sec. Assurance*, 500 F.3d at 1282–83. And because Roberts's complaint failed to demonstrate that McDonough violated a statute or ordinance, it also failed to establish that McDonough was negligent per se. *Hubbard v. Dep't of Transp.*, 568 S.E. 2d 559, 566 (Ga. Ct. App. 2002) ("[N]egligence

per se arises when a statute or ordinance is violated.").  Although Roberts argues that "demonstrative video evidence presented in this case" establishes the elements of his claims, he failed to submit that evidence or describe what that evidence would show.

The district court correctly concluded that any amendment to Roberts's complaint would be futile.  While Roberts argues that he should receive an opportunity to remedy any deficiency in his complaint, he doesn't challenge the district court's ruling on futility or demonstrate how "a more carefully drafted complaint might state a claim."  See Silberman, 927 F.3d at 1132; see also Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) (explaining that a party abandons an argument where he "do[es] not devote even a small part of [his] opening brief to arguing the merits of the district court's . . . holdings").

**AFFIRMED.**